**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
11/27/2007
CT Log Number 512825082

**TO:** Melissa Mytych, Tax Manager
Legrand North America, Inc.
60 Woodlawn Street
West Hartford, CT 06110-2326

**RE:** Process Served in Connecticut

**FOR:** Ortronics, Inc. (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Dudek & Bock Spring Manufacturing Co., an Illinois corporation, Pltf. vs. Ortronics, Inc., a Connecticut corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibits |
| **COURT/AGENCY:** | Cook County Circuit Court, IL<br>Case # 2007L013162 |
| **NATURE OF ACTION:** | Monies Due and Owing - Materials Rendered - Amount of $200,785.38 owed |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/27/2007 at 09:15 |
| **APPEARANCE OR ANSWER DUE:** | 30 days excluding day received |
| **ATTORNEY(S) / SENDER(S):** | William T. Rodeghier<br>111 W. Washington Street #1150<br>Chicago, IL 60602<br>312-372-1155 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790882007747 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Gary Scappini |
| **ADDRESS:** | One Corporate Center<br>Floor 11<br>Hartford, CT 06103-3220 |
| **TELEPHONE:** | 860-724-9044 |

Page 1 of 1 / AF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail |  |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-1-07-05 (         ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DUDEK & BOCK SPRING ) 
MANUFACTURING CO., an Illinois ) 
corporation, )    2007L013162
 )    CALENDAR/ROOM
   Plaintiff, )    TIME 00:00
 )    Breach of Contract
v. )    No.
 )
ORTRONICS, INC., a Connecticut )    PLEASE SERVE DEFENDANT:
corporation. )    ORTRONICS, INC.
 )    c/o Agent CT Corporation System
   Defendant. )    One Commercial Plaza
 )    Hartford, CT 06103

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

[x] Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6: Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426.

☐ Child Support
28 N. Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

NOV 21 2007

WITNESS, _____, 2007

ATTEST A TRUE COPY

CHARLES J. LILLEY Clerk of Court
CONNECTICUT MARSHAL
HARTFORD COUNTY

**Name** William T. Rodeghier
**Attorney for** PLAINTIFF
**Address** 111 W. Washington St., #1150
**City/Zip** Chicago, Illinois 60602
**Telephone** (312) 372-1155
**Atty. No.** 24107

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

**Service by Facsimile Transmission will be accepted at:_____
(Area Code) (Facsimile Telephone Number)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DUDEK & BOCK SPRING MANUFACTURING CO., an Illinois corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| ORTRONICS, INC., a Connecticut corporation. | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, DUDEK & BOCK SPRING MANUFACTURING CO., an Illinois corporation, by its attorney, WILLIAM T. RODEGHIER, complains of defendant, ORTRONICS, INC., a Connecticut corporation, and states as follows:

1. At all times relevant to the matters herein alleged, plaintiff Dudek & Bock Spring Manufacturing Co. was and is a corporation organized and existing under the laws of the State of Illinois with a principal place of business at 5100 W. Roosevelt Road, Chicago, Illinois.

2. At all times relevant to the matters herein alleged Homaco, Inc. was an Illinois corporation with a principal place of business in Chicago, Illinois

3. At all times relevant to the matters herein alleged, defendant Ortronics, Inc. was and is a Connecticut corporation, with a principal place of business in New London, Connecticut. By a virtue of a merger in May, 2005, all the rights, privileges,

immunities, and franchises, and all property, real, personal and mixed of Homaco, Inc. were transferred to and vested in Ortronics, Inc., and as a result thereof, Ortronics thenceforth was responsible for and liable for all of the liabilities and obligations of Homaco, Inc. (Homaco, Inc. and Ortronics, Inc. are referred to hereafter as defendant.)

4. Plaintiff Dudek & Bock is engaged in the business of designing, manufacturing, and selling custom wire springs, wireforms, light metal stampings and assemblies.

5. Beginning in approximately 1996, defendant began a contractual relationship with plaintiff.

6. At defendant's request, plaintiff manufactured at its plant in Chicago, Illinois, specially designed parts for use in defendant's products. In order to manufacture these specially designed parts, plaintiff was required to obtain and did obtain raw materials from a mill. The milled raw materials and the parts manufactured by the plaintiff for the defendant are not suitable for the sale to others in the ordinary course of Plaintiff Dudek & Bock's business.

7. During the contractual relationship a problem arose because the raw materials from which plaintiff manufactured the specialized parts for the defendant were not always available from a mill, and thus the defendant's ability to order parts was dependent upon the raw materials market. To provide for

stability to the business arrangement, on or about July 24, 2002, plaintiff offered to order from the mill a year's supply of material and to manufacture parts to accommodate a 90-day supply of defendant's parts. Defendant was invited to signify its acceptance of that offer by sending plaintiff a purchase order for the materials and for the parts to be specially manufactured and to be released upon further order of the defendant. A copy of the July 24, 2002 agreement between the parties is attached hereto as Exhibit A, and incorporated herein by this reference.

8. On or about July 24, 2002, at Chicago, Illinois, defendant issued its purchase order to plaintiff for specialized parts.

9. Plaintiff manufactured the specialized parts for defendant at its Chicago, Illinois facility, and upon the further order of defendant, shipped a portion of the parts as directed. Plaintiff invoiced defendant for the parts shipped at the agreed price and received payment for a portion of the products shipped, leaving the remaining parts in possession of plaintiff.

10. On or about March 5, 2004, the parties entered into an additional agreement concerning the manufacture of the custom parts and the supply of the same. A copy of the Agreement of March 5, 2004 is attached hereto as Exhibit B, and is incorporated herein by this reference.

11. Thereafter, at various times, defendant issued purchase

orders to plaintiff for the manufacture, and sale of the customized parts, and plaintiff acquired the necessary specialized raw materials to manufacture defendant's customized parts, all in accordance with the agreement of the parties as set forth in Exhibits A and B. Plaintiff invoiced defendant for the portion of parts shipped, and received payment for that portion of products shipped, leaving the remaining parts in possession of plaintiff for future shipment to defendant, pursuant to the parties' agreement.

12. Plaintiff has fully performed all conditions and provisions of the agreement between the parties on its part to be performed.

13. Commencing September, 2005, defendant ceased ordering the release and shipment of proprietary parts manufactured by the plaintiff, and thus the specially manufactured parts did not meet the minimum stock turnover requirement set forth in the March, 2004 agreement, Exhibit B. Pursuant to the agreement of the parties, plaintiff notified defendant.

14. Further pursuant to the agreement of the parties, the custom/proprietary parts became obsolete/dead stock for which defendant became responsible for the piece price and shipping charges, or became excessive stock for which defendant became responsible for piece price and shipping charges.

15. Plaintiff issued and sent invoices to defendant

pursuant to the agreement of the parties during the period from September 30, 2005 to January 30, 2006. The total amount due under the invoices amounts to $200,785.38, which sum has been demanded.

16. The defendant has failed to pay despite its obligation to do so.

17. There is now due and owing from defendant to plaintiff the sum of $200,785.38, and prejudgment interest thereon.

WHEREFORE, plaintiff Dudek & Bock Spring Manufacturing Co. prays judgment in its favor and against defendant Ortronics, Inc. in the amount of $200,785.38, together with an award of statutory prejudgment interest thereon, and its costs.

DUDEK & BOCK SPRING MANUFACTURING CO.

By: _____
    Its Attorney

WILLIAM T. RODEGHIER
Attorney No. 24107
111 W. Washington Street
Suite 1150
Chicago, Illinois 60602
(312) 372-1155

ATTEST:
A TRUE COPY
CHARLES J. LILLEY
CONNECTICUT MARSHAL
HARTFORD COUNTY

- 5 -

*Cathy L. Reed Pedersen*

**From:** Alice Jones [alice.jones@homaco.com]
**Sent:** Wednesday, July 24, 2002 9:50 AM
**To:** RICHARDCOAT@aol.com
**Subject:** RE: HOMACO ORDERS

OK PO61228
HOW WILL YOU REORDER THE MATERIAL WITH A 45 DAY LEAD TIME, WHEN YOU ARE OUT OR AT A 45 60 DAY SUPPLY OF MATERIAL
ALICE

-----Original Message-----
From: RICHARDCOAT@aol.com [mailto:RICHARDCOAT@aol.com]
Sent: Wednesday, July 24, 2002 9:10 AM
To: Alice Jones
Cc: CPedersen@Dudek-Bock.com
Subject: Re: HOMACO ORDERS

Alice, we're trying. With regard to ordering material & rings. So we have material and rings in stock. Dudek would place material order with mill for 1

year worth of material delivered every three months. Dudek would mfg. rings at
once for that three month period, thus having rings & J-Bolts in stock. If you agree Homaco would be responsible for 90 days of Rings & J-Bolts & the material left on blanket. Minus any material we could cancel with mill.
Alice
if Homaco goes with this program it eliminates all problems for the both of us.--If you agree all we need is a PO for material & PO for Rings & J-Bolts released every 90 days.----Regards Rich

21127

**EXHIBIT A**

## Agreement

Dudek & Bock Spring  
5100 West Roosevelt Road  
Chicago, Illinois 60644

Homaco, Incorporated  
2323 North Elston  
Chicago, Illinois 60614  
Attention: Alice Jones

Re: Goods shipping to Homaco in Juarez, Mexico

In the interest of ensuring continuity of supply of parts to Homaco, we propose the following agreement.

1) *Shipping:* Parts will be FOB Dudek & Bock Chicago. Shipments will be consolidated and shipped once per month, unless instructed otherwise, for arrival on the 20th of each month. Shipping vendor to be selected by Homaco.
2) *Purchase Orders:* All parts must be initially ordered on a purchase order and reflect quantities and anticipated delivery frequency. If so desired and so stated on the purchase order, the order may become a permanent, standing order and will remain in effect until cancelled or modified in writing. To ensure continuity of product delivery, the initial purchase order for current products must be valid until the end of 2004. Beyond these initial orders, beginning in 2005 and with new product, purchase orders may be cancelled in writing with at least 90 days advance notice.
3) *Minimum Order Quantities:* Each part shipped must reflect a minimum invoice amount of $500.
4) *Payment Terms:* 1 percent ten days, net 30 days.
5) *Material Issue:* Due to the worldwide raw material crisis, we may be forced to increase prices for components made from materials with escalating costs. This is based on the current world market situation as it relates to the price of iron, nickel, scrap metal, and other costs which directly affect the price of your parts.
6) *Proprietary Merchandise Agreement:* In order to fully service the production requirements of Homaco, it is required that Dudek & Bock purchase material, manufacture, warehouse and deliver custom merchandise to your locations in Chicago and Juarez. Since all parts manufactured for Homaco have limited value to any company except Homaco, due to the proprietary nature of the parts, the parties listed above have entered into this agreement to facilitate the disposition of custom and proprietary merchandise that does not meet minimum stock turnover requirements.
    a) *Obsolete/Dead Stock:* If a custom/proprietary product does not move for 90 days, it will be defined as obsolete stock. This includes orders previously placed. Homaco will be notified and will have 30 additional days to establish movement. Dudek & Bock will continue to warehouse good for the additional 30 days at which time, if movement has not been re-established, Homaco will take possession of the merchandise or authorize its destruction. Homaco will be responsible for piece price and shipping charges (if necessary) for obsolete stock.

**EXHIBIT B**

b) *Excessive Stock:* If a custom/proprietary product does not establish a movement of at least 30 percent per month if the quantity ordered or the quantity on hand, over a 90 day period, it will be defined as excessive stock. Homaco will be advised and given another 30 days to establish movement. If the movement still does not meet the minimum requirements, Homaco and Dudek & Bock will re-negotiate the selling price, based on a lower than agreed inventory turn. If after 90 days, the minimum movement has not been established, Dudek & Bock will invoice Homaco for the full inventory value of the merchandise and Homaco will either take possession of the merchandise or authorize its destruction. Homaco will be responsible for piece price and shipping charges (if necessary) for excessive stock. Excessive stock can be re-ordered if there are lower minimum quantity runs that would support the required inventory turns. The selling price would be adjusted to reflect the higher cost/lower quantities purchased.

If you wish to enter this agreement, please sign and date in the space indicated below.

**Homaco Corporation**

Signature: *Alice Jones*

Name: Alice Jones

Date: 3-3-04

**Dudek & Bock**

Signature: *Matthew Puz*

Name: Matthew Puz
VP of Sales & Marketing

Date: 3-5-2004

OK per Dick Ryan