IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUDEK & BOCK SPRING MANUFACTURING CO., an Illinois corporation, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ORTRONICS, INC., a Connecticut corporation, )<br>)<br>)<br>Defendant. )<br>) | No. 1:07-cv-07192<br><br>Judge Elaine E. Bucklo<br><br>Magistrate Jeffrey Cole<br><br>February 11, 2008 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Ortronics, Inc. ("Ortronics") answers the Plaintiff's Complaint dated November 21, 2007, as follows:

1.      Ortronics admits that the Plaintiff was and is a corporation organized and existing under the laws of the State of Illinois with a principal place of business at 5100 W. Roosevelt Road, Chicago, Illinois.  Ortronics has insufficient information to admit or deny the remaining allegations in Paragraph 1 and leaves the Plaintiff to its proof.

2.      Ortronics admits that Homaco, Inc. ("Homaco") was an Illinois corporation with a principal place of business in Chicago, Illinois.  Ortronics has insufficient information to admit or deny the remaining allegations in Paragraph 2 and leaves the Plaintiff to its proof.

3.      Ortronics admits that it was and is a Connecticut corporation with a principal place of business in New London, Connecticut and that a merger between Ortronics and Homaco

occurred in or about January 2004.  Ortronics has insufficient information to admit or deny the remaining allegations in Paragraph 3 and leaves the Plaintiff to its proof.

4.    Admitted.

5.    Ortronics admits that Homaco began a business relationship with the Plaintiff in approximately 1996.  The remaining allegations in Paragraph 5 are denied.

6.    Ortronics admits that Homaco ordered parts and products from the Plaintiff, but denies that all of the parts were "specially designed" and unsuitable for sale to others.  Ortronics has insufficient information to admit or deny the remaining allegations in Paragraph 6 and leaves the Plaintiff to its proof.

7.    Ortronics denies that there was a contractual relationship between the parties as alleged in Paragraph 7 and specifically denies that Exhibit A represents the alleged agreement. Ortronics has insufficient information to admit or deny the remaining allegations in Paragraph 7 and leaves the Plaintiff to its proof.

8.    Ortronics has insufficient information to admit or deny the allegations in Paragraph 8 and leaves the Plaintiff to its proof.

9.    Ortronics admits that Homaco paid the Plaintiff for certain products ordered and received by Homaco.  Ortronics has insufficient information to admit or deny the remaining allegations in Paragraph 9 and leaves the Plaintiff to its proof.

10.    Denied.

11.    Denied.

12.    Denied.

-2-

13.    Ortronics admits that Homaco ceased ordering the release and shipment of products from the Plaintiff in or about May of 2004.  The remaining allegations in Paragraph 13 are denied.

14.    Denied.

15.    Ortronics admits that the Plaintiff issued and sent invoices to Ortronics totaling approximately $200,785.38 and dated between September 30, 2005 and January 30, 2006, but denies the implication that the related materials were shipped by the Plaintiff or received by Homaco.  The remaining allegations in Paragraph 15 are denied.

16.    Denied.

17.    Denied.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Ortronics alleges and avers as follows:

First Affirmative Defense: Failure to State a Claim

The Plaintiff has failed to state a claim upon which relief can be granted.

Second Affirmative Defense: Statute of Limitations

The Plaintiff's claims are barred by the statute of limitations.

Third Affirmative Defense: Laches

The Plaintiff's claims are barred by the doctrine of laches.

Fourth Affirmative Defense: Failure to Satisfy Preconditions

The Plaintiff has failed to satisfy the preconditions and provisions of the alleged contract, the validity of which Ortronics denies, in that the alleged contract expressly requires:

-3-

1.  All parts must be initially ordered on a purchase order and reflect quantities and anticipated delivery frequency; and

2.  The initial purchase order must be valid until the end of 2004.

No such purchase order has been alleged or produced.  Accordingly, the Plaintiff is not entitled to relief.

Fifth Affirmative Defense: Mitigation

In the event that the Plaintiff has suffered any damages as a result of the allegations in this Complaint, all of which Ortronics denies, the Plaintiff failed to mitigate those damages.

WHEREFORE, Ortronics prays that the Court deny the Plaintiff's Complaint in its entirety and order such further relief as the Court may deem appropriate.

-4-

Dated February 11, 2008

DEFENDANT,
ORTRONICS, INC.


By:_____/s/ Vanessa D. Roberts_____
   Vanessa D. Roberts (ct 21000)
   *vroberts@mccarter.com*
   William H. Bright (ct 02494)
   *wbright@mccarter.com*
   MCCARTER & ENGLISH, LLP
   CityPlace I, 36th Floor
   185 Asylum Street
   Hartford, CT  06103
   Tel: 860-275-6700
   Fax: 860-724-3397

   and

   Thomas Lerdal (il 06290044)
   *tlerdal@bannerwitcoff.com*
   BANNER & WITCOFF, LTD.
   10 S. Wacker Dr., Ste. 3000
   Chicago, Illinois 60606
   Tel: 312-463-5000
   Fax: 312-463-5001

   - Its Attorneys -

ME1 7121370v.2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 11th day of February, 2008, a copy of the foregoing was filed electronically through the Court's ECF system, which will send a notice via electronic filing to all counsel of record, including counsel for the Plaintiff as indicated below:

William T. Rodeghier, Esq.
*w.rodeghier@sbcglobal.net*
111 W. Washington Street
Suite 1150
Chicago, IL 60602

/s/ Vanessa D. Roberts
Vanessa D. Roberts

ME1 7121370v.2